**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BERNARD LD. BROWN #16705-424, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 3015 |
| | ) |
| U.S. BUREAU OF IMMIGRATION | ) Judge Rebecca R. Pallmeyer |
| AND CUSTOMS ENFORCEMENT | ) |
| DEPARTMENT and MIGUEL PABON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Bernard Brown, a native of Belize, has brought this *pro se* civil rights action purportedly pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350, which provides the court with jurisdiction over a civil action brought by an alien "for a tort only, committed in violation of . . . a treaty of the United States." Brown alleges that he was arrested by federal officers without receiving notice of his right, guaranteed by the Vienna Convention on Consular Relations, to contact his consulate. Named as Defendants are the United States Bureau of Immigration and Custom Enforcement Department ("ICE") and ICE Agent Miguel A. Pabon. Defendant ICE has moved to dismiss. Plaintiff Brown has moved for leave to file an amended complaint, for appointment of counsel, for leave to file an amended complaint, and for withholding of removal pursuant to 8 C.F.R. § 1208.16. For the reasons set forth here, the court concludes that Plaintiff's only potentially valid claim is time-barred. Accordingly, Defendant's motion is granted and Plaintiff's motions are denied.

**FACTS**

Viewed in the light most favorable to Plaintiff, the complaint alleges the following: On December 17, 2003, Plaintiff was stopped and arrested for a traffic violation. He was later found not guilty, but detained briefly, at the police officers' request, to enable them to investigate Plaintiff's immigration status. On the way to Cook County Jail, a police officer told Plaintiff that he planned

to tell Defendant ICE Agent Miguel Pabon about Plaintiff so that the agent could fabricate a case against him.

On January 30, 2004, Agent Pabon escorted Plaintiff from Cook County Jail (presumably to federal custody). In addition to his claim that the federal charges were false, Plaintiff suggests that Pabon acted improperly by transporting Plaintiff (1) without a warrant; (2) without having advised Plaintiff of his *Miranda* rights, (3) despite the absence of any extradition hearing; and (4) without a writ of habeas corpus. Plaintiff claims that Agent Pabon fabricated charges against him in the case of *United States v. Brown*, No. 04 CR 112 (N.D. Ill.) (St. Eve, J.). On March 24, 2004, Plaintiff pleaded guilty to illegal entry into the United States. Judge St. Eve sentenced Plaintiff to sixty-one months in custody and later denied his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, *Brown v. United States*, No. 05 C 1005 (N.D. Ill.), July 18, 2005 (St. Eve, J.). Plaintiff's ensuing appeals to the Seventh Circuit were denied and dismissed.

In his complaint in this case, filed on May 30, 2007, Plaintiff alleges that his conviction was based on the fabricated evidence and testimony of Agent Pabon and that he was never informed of his right to notify his consulate of his arrest under the Vienna Convention on Consular Relations. On January 31, 2008, the court dismissed the claims challenging Plaintiff's conviction as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but granted Plaintiff leave to file an amended complaint on the Vienna Convention claim. Defendant ICE now moves for dismissal of that claim.

## **DISCUSSION**

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel,* 361 F.3d 998, 1001 (7th Cir. 2004). *Pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F. 3d 319, 325 (7th Cir. 2000). A plaintiff can, however, plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See Kolupa v. Roselle Park Dist.*, 438

F.3d 713, 715 (7th Cir. 2006). And, when a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the court may dismiss the suit even without an answer being filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

The Alien Tort Claims Act establishes jurisdiction in the district court over a civil action by an alien for a tort in violation of a treaty of the United States. *See* 28 U.S.C. § 1350; *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724 (2004). In *Jogi v. Voges*, 425 F.3d 367 (7th Cir. 2005) (*Jogi I*), the Seventh Circuit held that a foreign national who was not informed of his right to consulate notification under Article 36 of the Vienna Convention has an individual private right of action for damages. The court concluded that the district court has subject matter jurisdiction over such a suit under both the general federal jurisdiction statute, 28 U.S.C. § 1331, and the Alien Tort Act. *Jogi I*, 425 F.3d at 371-73. Several months later, however, the Seventh Circuit withdrew and superceded *Jogi I*. *See Jogi v. Voges*, 480 F.3d 822 (7th Cir. 2007) (*Jogi II*). In *Jogi II*, the Seventh Circuit held that Jogi's action against county officers for a violation of Article 36 of the Vienna Convention was more properly treated as an action under 42 U.S.C. § 1983, because "it was best not to rest subject matter jurisdiction on the ATS [Alien Tort Statute], since it is unclear whether the treaty violation Jogi has alleged amounts to a 'tort.'" *Jogi II*, 480 F.3d at 824, 835-36.

For the reasons explained in *Jogi II*, it is unclear whether Plaintiff can proceed with his "tort" claim under the Alien Tort Statute. *See Sobitan v. Glud*, No. 06 C 5366, 2007 WL 2608828 (N.D. Ill. Sept. 4, 2007), *appeal argued*, No. 07-3199 (7th Cir. April 17, 2008) (proceeding on claim pursuant to the ATS). Assuming he has a claim for violation of his rights under that Act, however, the doctrine of sovereign immunity, which bars suits against the government for money damages, precludes any Alien Tort Claims Act action as against ICE. The United States has enacted a broad waiver of immunity in the Federal Tort Claims Act ("FTCA"); under the FTCA, the government may be sued for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within

3

the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . ." 28 U.S.C. § 1346(b); *Calderon v. United States*, 123 F.3d 947, 948 (7th Cir. 1997). Only the United States itself may be sued under the FTCA, however; ICE, an agency of the government, retains sovereign immunity. *See* 28 U.S.C. §§ 1346; 2679(a). In any case, as ICE notes in its motion to dismiss, any action under the FTCA would be barred by Plaintiff's failure to file an administrative claim within two years of its accrual. 28 U.S.C. § 2675(a); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997).

Nor may Plaintiff proceed on claims against ICE under the *Bivens* doctrine. Under that doctrine, a plaintiff may, in limited circumstances, seek money damages against federal officers who have abused their constitutional authority. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Bagola v. Kindt*, 131 F.3d 632, 640 (7th Cir. 1997) (noting that the courts "have been admonished repeatedly by the Supreme Court to proceed cautiously in extending *Bivens* into new contexts."); *cf. Murphy v. Netherland*, 116 F.3d 97, 99-100 (4th Cir. 1997) (violation of Article 36 of Vienna Convention does not constitute a violation of a constitutional right). A *Bivens* action may not be brought, however, against a federal agency. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994) (federal agency is immune from suit under *Bivens*). Accordingly, ICE's motion to dismiss is granted.

That leaves Plaintiff's claim against Agent Pabon. The court notes, first, that a *Bivens* action may not be available at all for redress of a treaty violation rather than a Constitutional violation. *See Sobitan*, 2007 WL 2608828 *2. In its motion to dismiss, ICE asserts that "Agent Pabon passed away on August 20, 2005, was never served in this action, and is not represented by the United States Attorney." (ICE Motion to Dismiss, Docket No. 40, at 1.) Plaintiff appears to concede that Pabon is deceased. (Plaintiff's Motion to Dismiss, Docket No. 39, ¶ 5.) As *Jogi II* makes clear, Plaintiff's claim that his Vienna Convention rights are violated is governed by a two-year statute of limitations. 480 F.3d at 836. This lawsuit, filed more than three years after Plaintiff's arrest and

detention—indeed, more than three years after Plaintiff pleaded guilty to the charged offense—is patently untimely.  Under these circumstances, the court declines to entertain the possibility of a claim against Pabon's estate, if any such estate exists. The complaint against Pabon is dismissed. *Cf. Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) (where claim was clearly barred by doctrine of claim preclusion, "there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss . . . .")

Plaintiff's remaining motions require only brief discussion.  First, plaintiff has asked for an order withholding his removal pursuant to 8 C.F.R. § 1208.16.  This court is without jurisdiction to grant such relief.  *See Sharif v. Ashcroft*, 280 F.3d 786, 787-88 (7th Cir. 2002) (district court was without jurisdiction to issue a stay of execution of removal order).  The motion for withholding of removal (30) is denied.

Plaintiff also seeks leave to file an amended complaint, but he did not submit a proposed amended complaint or explain what additional claims he seeks to pursue.  The motion for leave to amend (19) is denied.  Finally, Plaintiff has filed motions (25, 31) for appointment of counsel.  Civil litigants do not have a constitutional or statutory right to counsel, however, s*ee Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006), and as Plaintiff has not presented any meritorious claims, the court declines to appoint an attorney to represent him.

## **CONCLUSION**

Plaintiff's motion for leave to amend his complaint (24), his motions for appointment of counsel (25, 31), and his motion for withholding of removal (30) are denied.  Defendant ICE's motion to dismiss (33) is granted.  Plaintiff's motions to dismiss and for summary judgment (39, 42) are deemed responses to Defendant's motion to dismiss and should be terminated as motions.  As Plaintiff's only potentially valid claim is patently time-barred, this case is dismissed with prejudice.

ENTER:

Dated: October 28, 2008

_____
REBECCA R. PALLMEYER
United States District Judge